# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Kamran Zaland Supplies and Services | )  ASBCA No. 61339 |
| | ) |
| Under Contract No. W91B4L-09-P-0288 | ) |

APPEARANCE FOR THE APPELLANT:     Mr. Abdul Sattar
                                                                President

APPEARANCES FOR THE GOVERNMENT:     Scott N. Flesch, Esq.
                                                                         Army Chief Trial Attorney
                                                                         CPT Jeremy D. Burkhart, JA
                                                                         Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE HARTMAN
## ON APPELLANT'S MOTION FOR RECONSIDERATION

On January 20, 2020, appellant submitted to us a two-sentence motion asking us to reconsider our decision granting the government's motion to dismiss appellant's appeal for lack of jurisdiction. The motion stated the "decision [issued by us] should be reconsidered based on a few points, which are important and need to be reconsidered." It did not state which "points" need to be reconsidered or set forth any basis why our initial determination on any "point" should be modified.

Under Board Rule 20, a motion for reconsideration "shall set forth specifically the grounds relied upon" for that motion. As we recently explained in *A.A.K.C.C.*, ASBCA No. 60399, 19-1 BCA ¶ 37,381, it is well-established that, absent specific assertions in support of such a motion, the motion does not satisfy the requirements of Rule 20. "Reconsideration motions that do not specifically allege the grounds upon which they are based are denied for failure to comply with Board rules." *Id.* at 181,721; *Taj Al Rajaa Co.*, ASBCA No. 58801, 14-1 BCA ¶ 35,555 at 174,229; *Southwest Marine, Inc.*, ASBCA No. 33208, 89-1 BCA ¶ 21,197 at 106,972.

In its motion, appellant sets forth no basis for us to reconsider our prior decision. Appellant's motion therefore fails to comply with Rule 20 and must be denied.

Moreover, Board records establish that appellant received our November 25, 2019 decision by email no later than November 27, 2019. On that date, appellant sent the Board an email stating "We have received the decision of ASBCA for appeal 61339" and "would like to know what exactly should we do if we have concerns about this decision." Appellant was advised by the Board's Recorder's Office the same day as follows:

> Board Rule 20, Motion for Reconsideration, sets forth the
> requirements and deadline for a party to request the Board
> to reconsider a decision. . . . [A] copy of the Rules is attached.

Pursuant to Board Rule 20, a motion for reconsideration must be filed within 30 days of receipt of the decision for which reconsideration is sought. Appellant's January 20, 2020 motion for reconsideration was not filed within 30 days of appellant's November 27, 2019 receipt of the November 25, 2019 decision for which it seeks reconsideration. The motion therefore must also be dismissed as untimely. *Program and Construction Management Group, Inc.*, ASBCA No. 47048, 95-1 BCA ¶ 27,413 at 136,651, *aff'd*, 64 F.3d 676 (Fed. Cir. 1995) (*per curiam*) (table).

Appellant's motion for reconsideration fails to comply with Board Rule 20 and is denied.

Dated: February 14, 2020

TERRENCE S. HARTMAN
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61339, Appeal of Kamran Zaland Supplies and Services, rendered in conformance with the Board's Charter.

Dated:

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals